UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────────

CHARLES REED, SR., and
RICHARD REED,

                         Plaintiffs,        12-CV-6655T

              v.                            **DECISION**
                                            **ORDER**

KURT CASHMAN, JAMES SHEPARD, POWELL TEVOR,
ALEX JIMENEZ, OFFICER MINERKA, and "KNOWN
AND UNKNOWN" LAW/POLICE AGENTS, STATE POLICE,

                         Defendants.
─────────────────────────────────────────

**INTRODUCTION**

Plaintiffs Charles Reed, Sr., and Richard Reed, bring this action against defendants Kurt Cashman, ("Cashman") a Parole Officer with the New York State Division of Parole, and various police officers of the City of Rochester, New York, claiming that the defendants violated their civil rights by conducting an unlawful search of their residence. Specifically, Charles Reed, Sr., and Richard Reed, the father and brother respectively of Charles Reed, Jr., a parolee subject to the supervision of the New York State Division of Parole, claim that Cashman and the other defendants mistakenly entered and searched their residence when the defendants intended to search Charles Reed, Jr.'s residence. They claim that because the entrance into and search of their residence was unauthorized and was conducted without a warrant, the search of

their residence was unlawful.  Only Charles Reed Jr.'s father and brother are the plaintiffs in this action.  Charles Reed, Jr., is not a party to this lawsuit.

Defendant Cashman now moves for summary judgment against the plaintiffs on grounds that plaintiff Charles Reed, Sr., lacks standing to bring this action because he does not reside at the residence that was searched.  Defendant Cashman further contends that plaintiff Richard Reed has failed to establish that he was subjected to an unlawful search and seizure because the residence that was searched was in fact the residence of Charles Reed Jr., and therefore the defendants were authorized to enter and search the premises where Charles Reed Jr., lived.  Finally, defendant Cashman alleges that he is entitled to qualified immunity from liability for his actions in conducting the home visit, search and seizure of Charles Reed Jr.'s alleged property, on grounds that the search was conducted in the course of Cashman's carrying out of his lawful duties as a parole officer in a lawful manner.

Plaintiffs' oppose defendant Cashman's motion claiming that there are questions of facts as to whether or not Charles Reed, Sr. lived at the residence that was searched.  Plaintiffs claim that Charles Reed Sr., lived at the residence, and therefore is entitled to assert a claim for an unlawful search.  Plaintiffs further argue that Charles Reed, Jr., did not reside at the apartment that was

searched, and that defendant has failed to establish that Charles

Reed Jr., resided at the apartment that was searched, and therefore,

summary judgment is inappropriate at this time.

For the reasons set forth below, I grant defendant's motion for

summary judgment, and dismiss plaintiff's claims against defendant

Cashman with prejudice.

## BACKGROUND

Plaintiffs Charles Reed, Sr., and Richard Reed, are the father

and brother respectively of Charles Reed, Jr., a person who at the

time of the events at issue was on parole and subject to the

supervision of the New York State Division of Parole.  According to

the Complaint, on July 27, 2012, Defendant Kurt Cashman, who was

Charles Reed, Jr.'s parole officer, unlawfully conducted a search

of 532 Upper Falls Boulevard, in the City of Rochester, New York.

Plaintiffs allege that the search was unlawful because Cashman

searched Apartment 2 of 532 Upper Falls Boulevard (where Charles

Reed, Sr., and Richard Reed allegedly resided) instead of Apartment

1, where Charles Reed Jr., the parolee, lived.  It is undisputed

that 532 Upper Falls Boulevard is owned by Charles Reed Sr., and his

wife Lisa Reed, however there is no evidence that Charles Reed Sr.,

was present during the search.  According to the plaintiffs, the

defendants searched Apartment 2 without a warrant, and caused damage

to the apartment, including damage to the door, drywall, and ceiling tiles.

According to defendant Cashman, the search of Apartment 2 was lawfully conducted in accordance with his supervisory obligations as Charles Reed, Jr.'s parole officer. According to Cashman, Apartment 2 was Charles Reed Jr.'s lawful address, and Apartment 1 of 532 Upper Falls Boulevard was abandoned and uninhabited. According to Cashman, when he and the other defendants came to search 532 Upper Falls Boulevard, Richard Reed allowed them to enter the residence. The defendants then proceeded upstairs, and entered a bedroom where Charles Reed, Jr., the parolee, was found in bed with his girlfriend. Charles Reed, Jr.'s pants and wallet were in the room. The defendants also found a loaded firearm concealed in the room, and upon finding the weapon, took Charles Reed, Jr., into custody for violation of his parole.

According to the defendants, the search of Apartment 2 was lawful because Charles Reed Jr., was authorized by his parole officer to live at Apartment 2 only, and was not authorized to live in Apartment 1. Additionally, defendant Cashman contends that Charles Reed, Jr., did indeed live in Apartment 2, because that is where he was found: in his bedroom, with his girlfriend, with property belonging to him, and his identification. Defendants further contend that there is no evidence that plaintiff Charles

Reed, Sr., lived at 532 Upper Falls Boulevard at the time of the search, and that all evidence demonstrates that he is a longtime resident, with his wife, of 14 Lavender Circle in the City of Rochester, New York.  Plaintiffs contend that Charles Reed, Jr., did live in Apartment 1 of 532 Upper Falls Boulevard, and have submitted a purported lease executed by him with his mother, the owner of the property, indicating that he rented Apartment 1.

## DISCUSSION

I.   <u>Summary Judgment Standard</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.  <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007).  If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. <u>Scott</u>, 550 U.S. at 380 (citing <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-587 (1986)).

In the instant case, defendant Cashman moves for summary judgment on grounds that plaintiff Charles Reed, Sr., lacks standing

to bring an action challenging the search of 532 Upper Falls Boulevard because he is not a resident of 532 Upper Falls Boulevard, and therefore has no expectation of privacy in being free from a search of that residence.   Cashman further seeks summary judgment on grounds that the search of 532 Upper Falls Boulevard was lawful because the search was conducted pursuant to his supervisory responsibilities as the parole officer of Charles Reed, Jr. Finally, Cashman contends that he is entitled to qualified immunity from prosecution or liability for conducting the search because he had a good-faith reasonable belief that the search he was conducting was lawful.

Because I find that Cashman is entitled to qualified immunity from liability for his conduct, I grant his motion to dismiss the Complaint.

II.   <u>Standing of Plaintiff Charles Reed, Sr.</u>

Defendant Cashman moves for summary judgment against defendant Charles Reed, Sr., on grounds that because he is not a resident of 532 Upper Falls Boulevard, he has no standing to object to the search of any apartment at that address.

"To have standing to object to an entry and search of a home under the Fourth Amendment, a plaintiff must show that he had a legitimate expectation of privacy" in the place searched. <u>Mangino v. Inc. Vill. of Patchogue</u>, 739 F. Supp. 2d 205, 233-34 (E.D.N.Y.

2010) <u>on reconsideration in part,</u> 814 F. Supp. 2d 242 (E.D.N.Y. 2011)(internal quotations omitted). "The test to determine whether a person can claim Fourth Amendment protection in a given place depends upon whether the person has a legitimate subjective expectation of privacy in that area that society is prepared to accept as objectively reasonable." <u>United States v. Barrios-Moriera</u>, 872 F.2d 12, 14 (2d Cir.1989).

In the instant case, I find that there is a question of fact as to whether or not Charles Reed, Sr., lived at 532 Upper Falls Boulevard at the time of the search. Although defendant Cashman has submitted evidence demonstrating that Charles Reed, Sr., resides at 14 Lavender Circle with his wife Lisa, and not at 532 Upper Falls Boulevard, the plaintiffs have submitted several documents, including Charles Reed, Sr.'s driver's license, indicating that Charles Reed Sr.'s address is 532 Upper Falls Boulevard (with no designation of whether he lived in any particular apartment at that address). Because there is conflicting evidence as to whether or not Charles Reed, Sr., lived at 532 Upper Falls Boulevard, the court can not, as a matter of law, hold that Charles Reed lacks standing to object on Constitutional grounds to a search of that residence.

III. <u>Defendant Cashman is Entitled to Qualified Immunity</u>

Defendant Cashman contends that the search of 532 Upper Falls Boulevard was lawful because Cashman was authorized to search that

address pursuant to his supervision of Charles Reed, Jr., a parolee under Cashman's supervision.  Cashman argues that because Charles Reed, Jr., is obligated pursuant to his conditions of parole to allow the search of his residence and belongings, the search of 532 Upper Falls Boulevard was lawful.  Cashman further contends that even if the search of Apartment 2 was not lawful, he may not be held liable for any constitutional violation caused by the search because he is entitled to qualified immunity from any such liability.

The doctrine of qualified immunity affords "government officials performing discretionary functions with a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987).  Accordingly, where there is a reasonable basis to conclude that an official's conduct does not violate a plaintiff's constitutional rights, the official may not be held liable for any constitutional violation that may have arisen from that conduct.  "[A]n official is ... entitled to immunity were it is objectively reasonable for him to believe the conduct [he engaged in was] lawful. Weaver v. Brenner, 40 F.3d 527, 533 (citing O'Neill v. Babylon, 986 F.2d 646, 649 (2nd Cir. 1993).

Where there are no material facts in dispute, the determination of whether or not a defendant is entitled to qualified immunity is

left to the court, which is required to consider the relevant facts in the light most favorable to the plaintiff. <u>Oliveira v. Mayer</u>, 23 F.3d 642, 649 (2d Cir. 1994). In determining whether or not a defendant is entitled to qualified immunity from liability, the court must first determine whether or not a constitutional right has been violated. If no right has been violated, the court need not proceed with further inquiry because the plaintiff will be unable able to establish any constitutional deprivation. If the court finds that a constitutional right has been violated, the court must then determine if the right was "clearly established" at the time the violation occurred. Because "[p]ublic officials are immune from § 1983 liability when their 'conduct does not violate <u>clearly established</u> statutory or constitutional rights of which a reasonable person would have known'" a plaintiff will be unable to state a claim for a constitutional deprivation unless he can establish that the right violated was clearly established. <u>Weaver</u>, 40 F.3d at 532-33 (1994) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)(emphasis added).

If the plaintiff can demonstrate that he was subjected to the deprivation of a clearly established constitutional right, the court must then determine whether or not the defendant responsible for the constitutional deprivation is nevertheless entitled to immunity for his actions. As stated above, even where a defendant has violated

a clearly established constitutional right, defendants such as police or parole officers will be immune from liability if "it was objectively reasonable for them to believe their acts did not violate those rights." Oliveira, 23 F.3d at 648.

In the instant case, viewing the facts in the light most favorable to the plaintiffs, the plaintiffs have alleged that they resided at Apartment 2 of 532 Upper Falls Boulevard, and that defendant Cashman improperly entered and searched Apartment 2 when he was authorized only to search Apartment 1 of that residence. Assuming plaintiffs could establish these allegations,[1] and assuming that such allegations state a claim for the deprivation of a clearly established constitutional right to be free from an unreasonable search, I find that Cashman is nevertheless entitled to qualified immunity from liability on grounds that it was objectively reasonable for him to believe that he was searching the correct apartment, that such a search was constitutional, and that such a search was authorized by his duty as a parole officer to supervise Charles Reed, Jr.. Cashman has declared under penalty of perjury

---

[1] The court makes no finding of fact on the issue of whether or not Charles Reed, Jr., lived in Apartment 1 or 2. Many of the facts in the record suggest that Charles Reed, Jr., did in fact live in Apartment 2—including the fact that he was found in bed with his girlfriend at that location, was authorized by his parole officer to reside at Apartment 2 and not at Apartment 1, and according to Cashman, Apartment 1 appeared to be abandoned at the time. Nevertheless, the court assumes for the sake of argument and for purposes of this motion only that Charles Reed, Jr., lived in Apartment 1, and plaintiffs lived in Apartment 2.

that he authorized Charles Reed, Jr., to live in Apartment 2, and not Apartment 1 of 532 Upper Falls Boulevard.  He further stated that he had been to Charles Reed, Jr.'s apartment, and knew which apartment Charles Reed, Jr., lived in.  When Cashman conducted his search, he appeared at Charles Reed, Jr.'s Apartment, and conducted a search of the Apartment that Cashman knew to be Charles Reed, Jr.'s.  Upon conducting the search, Cashman did indeed find Charles Reed, Jr., in what appeared to be his bedroom in Apartment 2. Cashman also found Charles Reed, Jr.'s girlfriend in bed with him, and personal property belonging to Charles Reed, Jr., in the bedroom in Apartment 2.  All of these factors establish that it was objectively reasonable for Cashman to conduct the search he conducted on July 27, 2012 at 532 Upper Falls Boulevard, Apartment 2, and that it was objectively reasonable for him to believe that his search did not violate the rights of Charles Reed, Jr., or Reed, Jr.'s brother or father.  Because it was objectively reasonable for Cashman to conduct the search of 532 Upper Falls Boulevard in the manner in which he conducted it, he is entitled to qualified immunity from liability.  Accordingly, his motion for summary judgment against the plaintiffs is granted, and plaintiffs Complaint is dismissed as to defendant Cashman.  Because no other defendant has moved for summary judgment, the court makes no findings with respect to any other defendant.

**CONCLUSION**

For the reasons set forth above, I grant defendant Cashman's motion for summary judgment, and dismiss plaintiff's Complaint against defendant Cashman. The action remains pending against defendants James Shepard, Powell Tevor, Alex Jimenez, Officer Minerka.

ALL OF THE ABOVE IS SO ORDERED.

S/ MICHAEL A. TELESCA

MICHAEL A. TELESCA
United States District Judge

Dated:     Rochester, New York
           January 30, 2014