# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

CHARLES REED, SR. and RICHARD REED,

      Plaintiffs,

v.

KURT CUSHMAN, Div. of Parole et al.,

      Defendants.

**DECISION & ORDER**
12-CV-6655

## Preliminary Statement

Pro se plaintiffs Charles Reed, Sr. and Richard Reed bring the instant action under 42 U.S.C. §§ 1981, 1983, and 1988, alleging that their civil rights were violated in connection with a search of their residence conducted by defendant P.O. Cashman and other named defendants. See Complaint (Docket # 1); see also Decision and Order (Docket # 38). Pending before the Court are two motions made by plaintiffs to appoint counsel, dated September 15, 2016 and October 6, 2016. Docket ## 41, 44.

## Discussion

In their motion, plaintiffs argue that they need Court-appointed counsel because they had been receiving assistance from a friend who is a paralegal but has recently become unable to assist plaintiffs further. Plaintiffs state that they are without knowledge of how to litigate this case. See Docket # 44 at 2. For the reasons

that follow, plaintiffs' motions are **denied without prejudice to renew**.

Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, the Court finds that plaintiffs' allegations satisfy the initial threshold showing of merit. Judge Telesca recently denied summary judgment to all defendants, finding inconsistencies between statement and documentary evidence on the record that gave "the Court pause." See Decision and Order (Docket # 38). Judge Telesca noted that the case presented an important

issue of constitutional magnitude. Id. at 8. However, having reviewed the record and all filings before the Court, I conclude that appointment of counsel is not warranted at this time. See Hodge, 802 F.2d at 61-62.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Here, plaintiffs' pro se complaint is straightforward as to the nature of the events from which they seek relief. The legal circumstances surrounding plaintiffs' claims are not unusually complicated, and most of the controversy in this case has come down to a credibility determination between plaintiffs and the officers involved. The case centers around an unwarranted entry and search of plaintiffs' home by defendants — parole officers and Rochester Police Department officers. See Complaint (Docket # 1); see also Decision and Order (Docket # 38). The parties have engaged in considerable discovery, and defendants have twice filed motions for summary judgment. See Docket ## 16, 32. A third motion for summary judgment was recently filed by defendants and is currently under review by Judge Telesca. See Docket # 64. In all instances, plaintiffs have followed the Court's Orders and have submitted well-drafted, clear and coherent responses. See Docket ## 19, 36, 65. Indeed, they have competently navigated this case through two dispositive motions. Accordingly, at this juncture at least, plaintiffs appear sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E.

3

Suite Hotel, 279 F.Supp.2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Plaintiffs' motions to appoint counsel are **denied**.

### Conclusion

Plaintiffs' motions for appointment of counsel (Docket # 41, 44) are **denied** with leave to renew.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 20, 2017
Rochester, New York

4